2018V01170/PWG/ms
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: PETER W. GAETA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2927
FAX: (973) 297-2042
Peter.Gaeta@usdoj.gov

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$301,200.00 IN UNITED STATES CURRENCY AND ASSORTED JEWELRY VALUED AT $213,636** | : | |
| **Defendant *in rem.*** | | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (by Peter W. Gaeta, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is an action to forfeit to the United States of America a total of $301,200.00 in United States currency and assorted jewelry valued at $213,636. The United States of America brings this action to enforce the provisions of 21

U.S.C. § 881(a)(6), which subjects to forfeiture all monies and commodities that were furnished in exchange for a controlled substance and all proceeds traceable to such an exchange, in violation of 21 U.S.C. § 801, *et seq.* (narcotics control and enforcement laws).

## THE DEFENDANT IN REM

2.  The defendant property consists of a total of $301,200.00 in United States currency and assorted jewelry valued at $213,636, which the United States Drug Enforcement Administration ("DEA") seized from luggage carried by Hong Yue Law and Weina Zhu on or about August 16, 2018 (collectively the "defendant property"), in Terminal C, Gate 74, at Newark Liberty International Airport in Newark, New Jersey. The defendant property is currently in the custody of the United States.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.  Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(a), because the defendant property was seized and is located in the District of New Jersey.

5.  Upon the filing of this Verified Complaint for Forfeiture *In Rem*, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the

"Supplemental Rules"), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Rule G(3)(c) of the Supplemental Rules.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes money and commodities furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. §§ 801, *et. seq.*, and 18 U.S.C. § 981, which subjects to forfeiture property involved in violations of 18 U.S.C. §§ 1956 and/or 1957.

## FACTS

7. On or about August 16, 2018, at approximately 10:15 a.m., Task Force Officers from the DEA Newark Airport Group were notified by Port Authority Police (collectively hereinafter "law enforcement") that a passenger at Newark Liberty International Airport located in Newark, New Jersey (hereinafter the "Airport") was traveling to San Francisco on United Airlines flight # 1878 with approximately $300,000 in United States currency and assorted pieces of jewelry.

8. Transportation Security Administration (hereinafter "TSA") had previously identified an anomaly in the carry-on bags belonging to a traveler named Hong Yue Law (hereinafter "Hong"). The TSA notified law enforcement of the anomoly. Law enforcement thereafter arrived at Terminal C, Gate # 74 to investigate. Hong told law enforcement that he was carrying approximately

3

$300,000 in United States currency, which he planned to bring to San Francisco. Hong claimed that the $300,000 in United States currency was money derived from his jewelry business. Hong was traveling with his wife, Weina Zhu (hereinafter "Zhu"), and his minor son.

9. Law enforcement conducted a consensual interview of Hong and his family. During this interview, Hong opened his luggage in an attempt to show law enforcement receipts for the money and jewelry he had in his possession. Hong also showed law enforcement officers where the money and jewelry was located in his luggage. Law enforcement asked Hong permission to search both his luggage and his wife's luggage, to which he agreed.

10. Law enforcement located an undetermined amount of United States currency and jewelry located in a pink backpack carried by Zhu. Law enforcement also located an undetermined amount of United States currency in a hard shell carry-on suitcase. The undetermined amount of United States currency from both the pink backpack and the hard shell carry-on suitcase were wrapped in currency bands. Varying dates were written on the currency bands. Furthermore, the currency consisted of many large bill denominations. Specifically, the currency was in 3,012 $100 bills. The United States currency and jewelry were seized by law enforcement.

11. Law enforcement continued their consensual interview of Hong. Hong claimed that he owned a jewelry business called New Arts Jewelry in Hong Kong. Law enforcement searches at open-source data did not identify any business under this name. Hong told law enforcement that he arrived in the

4

United States approximately one month prior on July 15, 2018. Hong stated that his son attended a summer camp at Public School 244 in Flushing, Queens. Hong also told law enforcement that he was flying to San Francisco, where he would be staying for four days. Hong claimed that he would be spending two days in San Francisco for business and two days in San Francisco for vacation.

12. Hong told law enforcement that he had collected the United States currency seized from approximately 22-24 of his customers in the United States. When law enforcement inquired further about his customers, Hong claimed that none of them spoke English, but then identified "Son Son" as a customer from New York who had given him money and spoke English. Hong provided a cellular phone number for "Son Son." Law enforcement called the cellular phone number Hong provided, and spoke to an individual who identified himself as "Son Son." "Son Son" claimed that he did not know Hong. He also claimed that he had not given Hong money for anything. "Son Son" could not provide any more information. Law enforcement then discovered a phone number belonging to an unidentified male on a "Memorandum" found within documents that Hong had in his possession. Law enforcement called this phone number and the unidentified male who answered claimed that he knew who Hong was, but had not dealt with him within the last five years.

13. Hong claimed that he had been staying in a friend's basement in Flushing, Queens while he and his family were in the New York area for a month. Hong could not provide any details of the residence, including the address. When asked who owned the seized money, Hong claimed that the money represented

5

funds his business had received from his customers.

14. Law enforcement then interviewed Zhu, who stated that the money was from her and her husband's jewelry business. Zhu further claimed that she and her husband would be taking the jewelry back to Hong Kong and that they were broke and did not understand why the government was taking their money again.[1]

15. Hong subsequently indicated that his attorney, Hugh H. Mo, was representing him in a separate matter dating back to 2016 in which Customs and Border Protection seized United States currency and jewelry from him. Law enforcement spoke with Hugh H. Mo who, informed them that the 2016 case was still pending and that Hong was in the jewelry business and was not a drug courier.

16. Law enforcement at the Airport deployed a certified narcotics detection canine "Ares" to inspect the currency from Hong and Zhu's luggage. Ares signaled, through a distinctive set of behaviors, that he detected a controlled substance on the United States currency.

17. Ares was certified in narcotics detection on or about February 15, 2019. The course of study for narcotic detection introduced Ares to the scents of marijuana, cocaine, heroin, ecstasy, and methamphetamine. Ares was able to find these narcotic substances as a result of the intense training he received.

---

[1] On January 13, 2016 at Newark International Airport, Department of Homeland Security previously seized $469,603 in United States currency and assorted jewelry from Hong Yue Law and Weina Zhu pursuant to 31 U.S.C. § 5332 and 19 U.S.C. § 1595. An Amended Forfeiture complaint was filed against the seized items on September 21, 2016 in the District of New Jersey, United States v. $469,603 in United States currency, et al., case number 16-2824 (PGS).

6

In the course of this training, Ares and his handler were involved in more than 200 searches for the above listed substances. Ares gave a positive indication on these searches, by scratching, biting, or barking. Masking agents such as food, liquid soap, cologne, bacon, turkey, parmesan cheese, coffee, duct tape, chicken bones, etc., commonly used by narcotics traffickers, were used to distract Ares during training, but these agents did not distract Ares from making an indication. Subsequently, Ares was also trained to detect the odor of a controlled dangerous substance on currency.

18. It was subsequently determined that the United States currency seized from Hong Yue Law's luggage totaled $301,200.00.

19. On or about August 28, 2018 law enforcement conducted a preliminary cellular telephone toll analysis on the cellular phones that were provided by Hong and Zhu on August 16, 2017. Law enforcement discovered that multiple cellular numbers that received calls from and made calls to the phones provided by Hong were involved in various active DEA drug money laundering investigations.

20. The DEA initiated administrative forfeiture proceedings against the defendant property. On or about November 8, 2018, Hong, Weina Zhu and New Art Jewelry Limited filed administrative claims with the Drug Enforcement Administration contesting the forfeiture of the assorted jewelry seized. The claims consisted of a "Certification" signed by Hong and Zhu under penalty of perjury. In the document, Hong and Zhu stated that they were the owners of the assorted jewelry seized. On or about December 21, 2018, Zhu filed an

7

administrative claim with the Drug Enforcement Administration contesting the forfeiture of the United States currency seized. The claims consisted of a "Certification" signed by Zhu under penalty of perjury. In the document, Zhu stated that she was the owner of the United States currency seized.

## **CLAIMS FOR FORFEITURE**

### **COUNT 1**

21. The allegations contained in paragraphs 1 through 20 of this Verified Complaint for Forfeiture *In Rem* are realleged and incorporated herein as if set forth in full.

22. Based on the facts set forth above, there is probable cause to believe that the defendant property was furnished or was intended to be furnished in exchange for a controlled substance or represents proceeds traceable to such an exchange or was used or intended to be used to facilitate any violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### **COUNT 2**

23. The allegations contained in paragraphs 1 through 20 of this Verified Complaint for Forfeiture *In Rem* are realleged and incorporated herein as if set forth in full.

24. Based on the facts set forth above, there is probable cause to believe that the defendant property, and all property traceable thereto, were involved in violations of 18 U.S.C. §§ 1956 and/or 1957, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, plaintiff requests that the Clerk of the Court issue a warrant for the arrest in rem and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants in the defendant property; that the defendant property be forfeited and condemned to the United States of America; that plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: October 2, 2019

                                        CRAIG CARPENITO
                                        United States Attorney

                                        *s/Peter W. Gaeta*
                                        By: PETER W. GAETA
                                        Assistant United States Attorney

## VERIFICATION

STATE OF NEW JERSEY )
COUNTY OF ESSEX : ss.:
DISTRICT OF NEW JERSEY )

William Gunther, being duly sworn, deposes and says that he is a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that he has responsibility for this action; that he has read the foregoing Verified Complaint; and that the statements contained therein are true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds for his belief include official records and files of the United States, information obtained directly by the deponent, and information obtained by other law enforcement officials and representatives during an investigation of alleged violations of Title 21, United States Code.

_____
William Gunther
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this 2nd day of October, 2019
at Newark, New Jersey

_____
Peter W. Gaeta
Attorney-at-Law of the State of New Jersey

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

## I. (a) PLAINTIFFS

**UNITED STATES OF AMERICA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter W. Gaeta, Assistant U.S. Attorney  -  (973) 645-2927
United States Attorney's Office, 970 Broad St., Suite 700
Newark, New Jersey 07102

## DEFENDANTS

$301,200 in United States Currency and Assorted Jewelry valued at $213,636

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Cntry | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

21 U.S.C. § 881(a)(6)

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment at Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury Med. Malpractice<br>[ ] 365 Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Prod. Liab.<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Prod. Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[x] 625 Drug Related Seizure at Property 21 U.S.C. 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 U.S.C. 158<br>[ ] 423 Withdrawal 28 U.S.C. 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/ Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 U.S.C. 3140 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITION** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determ. Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence Habeas Corpus:<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Other (including 1983 Actions) | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung(923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS - Third Party 26 U.S.C. 7609 | |

## VI. ORIGIN

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
[ ] UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] YES   [ ] NO

## VII. RELATED CASE(S) (See instructions)

Criminal case number:

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 2, 2019 | /s/ *Peter W. Gaeta*<br>Peter W. Gaeta, Assistant United States Attorney |

2018V01170/PWG/ms
CRAIG CARPENITO
United States Attorney
By: PETER W. GAETA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973-645-2927
Fax: 973-297-2042
Peter.gaeta@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| **Plaintiff,** | : | Civil Action No. 19- |
| v. | : | **WARRANT FOR ARREST** *IN REM* |
| **$301,200 IN UNITED STATES CURRENCY AND ASSORTED JEWELRY VALUED AT $213,636,** | : | |
| | : | |
| **Defendant** *in rem.* | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on September 25,2019, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $301,200 in United States currency and assorted jewelry valued at $213,636, is subject to seizure and forfeiture to the United States for the reasons set forth in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be: an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____                    _____
                                           Clerk of the Court


                                    By:    _____
                                           Deputy Clerk